UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN MICHAEL RYAN,

Plaintiff,

v.

PETER WATSON,

Defendant.

Case No. 24-11534
Honorable Linda V. Parker
Magistrate Judge Elizabeth A. Stafford

---

**ORDER ON PLAINTIFF'S MOTION FOR DETERMINATION OF
SUFFICIENCY OF DEFENDANT'S ANSWERS UNDER FEDERAL
RULE OF CIVIL PROCEDURE 36(a)(6)
(ECF NO. 24)**

---

## I.      Introduction and Background

Plaintiff Sean Michael Ryan, a pro se prisoner proceeding in forma pauperis, sued several defendants under 42 U.S.C. § 1983.  After screening the complaint under the Prison Litigation Reform Act, the Honorable Linda V. Parker dismissed all claims except Ryan's claims against Defendant Peter Watson, N.P., for violations of Ryan's Eighth and First Amendment rights.  ECF No. 7.  Judge Parker then referred the matter to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 20.

1

Watson is a nurse practitioner employed by Wellpath, a contracted medical provider for the MDOC.  ECF No. 1, PageID.2-3; ECF No. 19, PageID.249.  Ryan alleges that Watson entered false information into his electronic medical record on September 19 and 20, 2023, falsely claiming that Ryan had a "General adult exam w/o any abnormal findings."  ECF No. 1, PageID.12.  Ryan claims that Watson made those false entries to cover up the failure to treat him, causing Ryan claims to "actually suffer[ ] from more than 30 previously diagnosed medical symptoms and conditions."  *Id*., PageID.13-14.

Ryan attached several documents to his complaint, including a MDOC clinical encounter form.  *Id*., PageID.56.  That form showed Watson as the provider and described an "Encounter Date: 09/20/23 10:55" with a note stating, "Late Entry from yesterday-Mobilization postponed encounter entry, 9-19-23, patient reported to nursing not wishing to take Rx'd Cymbalta, wishing to sign off."  *Id*.

Ryan also attached a response to request for health record information that states:

> Mr. Ryan, You were not seen or examined by NP Watson on 9/20/23.  You met with NP Watson on 9/19/2023 to sign a Release of Responsibility form because you no longer wished to take your prescribed Cymbalta.  No records were falsified and there was no inhumane treatment toward you on the part of NP Watson.  Thank you.

2

*Id.*, PageID.55.  On another attached from, Ryan claimed that Watson falsely indicated in a medical record that he conducted a "general adult medical exam" of Ryan, when no examination occurred.  *Id.*, PageID.58.

Ryan moves the Court to determine the sufficiency of Watson's answers to his requests for admission under Federal Rule of Civil Procedure 36(a)(6).  ECF No. 24, PageID.321.  The Court **ORDERS** Watson to amend his answer to RFA number four within 14 days of this order but **DENIES** the motion in all other respects.

## II.    Analysis

### A.

"Requests for admission are not a general discovery device."  *Misco, Inc. v. U.S. Steel*, 784 F.2d 198, 205 (6th Cir. 1986).  Rule 36 "is essentially intended to facilitate proof at trials by obviating the need to adduce testimony or documents as to matters that are really not in controversy."  *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009).

Under Rule 36, a party may request another party to admit "the truth of any matters within the scope" of discovery relating to "facts, the application of law to fact, or opinions about either" and "the genuineness of any described documents."  Rule 36(a)(1).  The "requesting party bears the

burden of setting forth its requests simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without an explanation, and in certain instances, permit a qualification or explanation for purposes of clarification." *Henry v. Champlain Enter., Inc.*, 212 F.R.D. 73, 77 (N.D. N.Y. 2003).

The opposing party may either admit the proposition, deny it, object to it, or state that they cannot admit or deny the matter.  Rule 36(a)(4)-(5). If the answering party does not admit the matter, then it must "specifically deny it or state in detail why the answering party cannot truthfully admit or deny it."  Vague responses to requests for admissions are insufficient.

> A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Rule 36(a)(4).

"If a party serves another party with a request for admission under Rule 36(a)(1), and the requesting party is dissatisfied with the sufficiency of the answer, the requesting party may ask the court to intervene."  *McCarthy v. Ameritech Pub., Inc.*, 763 F.3d 488, 493 (6th Cir. 2014).  "The requesting party may move to determine the sufficiency of an answer or objection."

Fed. R. Civ. P. 36(a)(6).  Ryan has done so here, challenging Watson's answers to ten requests for admission (RFAs).  ECF No. 24, PageID.321-326.

In RFA numbers one and two, Ryan asks Watson to admit that the sole purpose of the September 19, 2023, encounter was to address Ryan's use of (or refusal to use) the medication Cymbalta.  ECF No. 24, PageID.331-332.  Watson answered that he did not yet have Ryan's entire medical records from the MDOC and that Watson would supplement his responses once they were received and reviewed.  *Id*., PageID.330.  Ryan claims that Watson's response is a "delay tactic" because Ryan attached copies of the "pertinent medical records" to his complaint.  *Id*.  The Court rejects Ryan's argument, as Watson noted that he had already ordered the full medical record and he has a right to review it before making a binding admission.[1]

For RFA three, Watson denied that he "did not conduct a General Adult Exam on September 19, 2023."  ECF No. 24, PageID.332.  "[T]he Court's inquiry is limited to determining whether the answer is specific and adequately detailed—the truthfulness of the response is not at issue."

---

[1] It appears that Watson has since provided Ryan with a supplemental answer to request number one.  ECF No. 27, PageID.361.

*Ryan v. Nagy*, No. 20-cv-11528, 2022 WL 21988830, at *5 (E.D. Mich. Oct. 11, 2022).  Thus, "A defendant need not expand beyond a simple denial to specifically deny a request for admission."  *Hunter v. Holmes*, No. 20-10534, 2023 WL 2393631, at *5 (E.D. Mich. Mar. 7, 2023).  Watson's denial of RFA three complies with Rule 36.

In RFA number four, Ryan asks Watson to "admit that you reported or caused to be reported that you did conduct a 'General adult exam w/o abnormal findings' in the September 19, 2023 report which was entered on September 20, 2023."  ECF No. 24, PageID.332.  Watson objected, stating that the request is "vague and ambiguous as to what Plaintiff means by 'reported or caused to be reported.'"  ECF No. 24, PageID.333.  Because Ryan's complaint claims that Watson made false entries into the MDOC's electronic medical record, the Court infers that Ryan means to ask Watson to admit that he reported or caused to be reported *in the electronic medical record* that he conducted a "'General adult exam w/o abnormal findings' in the September 19, 2023 report which was entered on September 20, 2023.'"  With that minor clarification, the Court directs Watson to amend his answer to RFA number four within 14 days of this order.

In RFA number five, Ryan asks Watson to admit that he "entered or caused to be entered a repo[r]t in the list of Plaintiff's HEALTH PROBLEMS

6

IN THE Plaintiff's Electronic medical record a report for 'Enctr for general adult exam w/o abnormal findings.'"  Watson objected to this request as vague and ambiguous.  ECF No. 24, PageID.333.  The Court agrees that it is unclear what Ryan is asking Watson to admit in this request.

Watson objects to RFA numbers six through ten because he cannot determine precisely what Ryan requests be admitted or denied.  ECF No. 24, PageID.333-336.  The Court sustains these objections.  "Admissions should be drafted in such a way that a response can be rendered upon a mere examination of the request."  *Henry,* 212 F.R.D. at 77*.*  To "facilitate clear and succinct responses, the facts stated within the request must be singularly, specifically, and carefully detailed."  *Id.*  RFA numbers six through ten are not sufficiently specific or detailed for the Court to order Watson to answer them.

## B.

Ryan's motion was brought under Rule 36.  ECF No. 24, PageID.321 (asking the "Court to determine if the Defendants' responses are sufficient under…Fed. R. Civ. P. R 36 (6).").  But he also challenges defendants' responses and objections to several interrogatories.  *Id*., PageID.326-328.  His motion addresses neither the scope of discovery under Federal Rule of Civil Procedure 26(b)(1); the requirements of Federal Rule of Civil

7

Procedure 33 about interrogatories; nor the procedures for moving to compel discovery under Federal Rule of Civil Procedure 37.  "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones."  *McPherson v. Kelsey*, 125 F.3d 989, 996 (6th Cir. 1997) (cleaned up).  The Court will not put flesh on the bones to augment Ryan's skeletal arguments that defendants' answers to interrogatories are improper.

On a final note, the Court warns defendants that their objections that interrogatories were not "reasonably calculated to lead to the discovery of admissible evidence" refers to a scope of discovery that has been obsolete for over ten years.  *See* ECF No. 24, PageID.340; *Cratty v. City of Wyandotte*, 296 F. Supp. 3d 854, 859 (E.D. Mich. 2017) (objection using obsolete "reasonably calculated" is improper).

## III.    Conclusion

The Court **ORDERS** Watson to amend his answer to RFA number four within 14 days of this order and otherwise **DENIES** Ryan's motion.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: May 12, 2026

8

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 12, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager

9